63  235
133a 671

SOPHIA BROWN, Individually and as Executrix of EDWARD H. BROWN, Deceased, Respondent, v. LAFAYETTE J. FINCH, Appellant.

*Partnership — surviving partner — receiver, when not appointed on the application of the representatives of a deceased partner.*

Articles of copartnership, entered into between Edward H. Brown and Lafayette J. Finch, provided that the firm should not be dissolved by the death of either partner; that Finch, in case Brown died, should continue the business and pay his widow a certain sum monthly during her life; that a balance should be struck twice a year, and whatever sum was due the widow should be paid her, and that she should have a right to examine the books at any time. In case of the death of Finch a somewhat similar provision was made for his widow.

There was a provision for an accounting when the partnership should terminate; and the further provision that Brown, who had the largest interest, should pay Finch what was found due him. The good will and firm name were to remain, in any event, the property of Brown, except that in case either of the parties died and left no widow the surviving partner should take the entire good will and business; and with the further exception that if both Brown and his widow died, Finch should take the good will and name absolutely. Brown died.

In an action brought by his widow for an accounting:

*Held*, that whatever were the rights of Brown's widow she was not a partner with Finch, and that, therefore, it was improper for the court, because of dissensions between the widow and Finch, to take the business from the latter by the appointment of a receiver. (O'Brien, J., dissenting.)

Appeal by the defendant Lafayette J. Finch from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 11th day of January, 1892, which, among other things, appointed a receiver *pendente lite* of the business of Brown & Pulverman.

In 1887, Edward H. Brown and Lafayette J. Finch entered into a partnership, to continue five years, under the firm name of Brown & Pulverman, in which firm Finch had an interest of one-fifth. Brown died in 1888.

*L. V. Booraem*, for the appellant.

*A. J. Dittenhoefer*, for the respondent.

Van Brunt, P. J.:

It is apparent from the memorandum made by the court below, upon the appointment of the receiver herein, that it was based upon

the fact that the parties to the action were partners with each other, and that as irreconcilable difficulties had arisen between them, the appointment of a receiver became a matter of course.

We fail to see how it is possible to hold the plaintiff and defendant to be copartners in the business which was being conducted by the defendant under the firm name of Brown & Pulverman. The complaint was not drawn upon any such theory, and the affidavit of the plaintiff, upon which this motion was founded, admits that such was not the fact. The plaintiff declares that the copartnership was dissolved by the death of her testator, and the relief demanded is that an account be taken of all the dealings and transactions of said copartnership from the time of the commencement to the time of its dissolution by the death of Brown, and that the defendant account for all his dealings and transactions in regard to the property, assets and effects of said copartnership since such dissolution, and further that the said copartnership be adjudged and decreed to be dissolved.

This latter prayer was merely asking for a legal adjudication, that by the death of Brown the copartnership had been dissolved, and not in any way was it claimed that the plaintiff was entitled to any relief except as representing the interest of Brown, deceased.

An examination of the articles of partnership annexed to the complaint shows that the relation of partners does not exist between the plaintiff and the defendant, and that the copartnership did not continue after the death of the plaintiff's testator, unless a copartnership can be composed of one individual. The defendant was merely the surviving partner of a partnership which had been dissolved, and carrying on business as such according to the terms of the articles of copartnership between himself and the plaintiff's testator.

It is to be observed that by the articles of copartnership it is provided that the death of neither of the parties shall work a dissolution of the partnership, but that in the event of the death of the party of the first part, viz., Brown, the party of the second part (the defendant), shall continue the business and pay the widow of the party of the first part one hundred dollars a month during her life, the profits arising on the interest of said party of the first part as it existed at the time of his death ; and that on the first days of January and June a balance should be struck and the defendant should

pay to the said widow the amount of any balance to her credit; and further, the said widow of said party of the first part shall have a right, either by herself or her authorized representative, to examine the books of the firm at any time. This latter provision shows conclusively that it was not the intention of the parties that the widow should be a partner, otherwise it would have been entirely unnecessary to grant an authority upon the part of the widow to examine the books.

Then follows a provision in respect to what should be done in case of the death of the defendant. In the event of his widow surviving him, she is to be paid a monthly stipend and a balance of profits by the party of the first part, but no provision is made for an examination of the books by the widow of the defendant; and it would hardly be claimed, under this provision, that in case of the death of the defendant his widow would have been entitled to exercise the rights of a partner.

The articles contained the further provision that whenever the partnership was terminated, for any cause, there should be an accounting and adjustment of copartnership affairs, and that the party of the first part or his legal representatives, within six months, shall pay to the defendant the sum to his credit on the books of the firm at the time of the dissolution, together with his proportionate share of the profits and increase of the firm, and then provided that the good will and firm name should be the exclusive property, in any event, of the party of the first part and his representatives, except as provided in sections 18 and 19.

By paragraph 18 it is provided that in the event of the death of either of the parties not leaving a widow, or in the event of the death of the widow of either of the parties during the continuance of the agreement, then the entire good will of the business shall belong to the surviving partner, subject only to a legal accounting to the legal representatives of said deceased partner; or if he dies leaving a widow him surviving, then to the legal representatives of his widow for the profits accrued at the time of the death of said deceased partner, or at the time of the death of his widow if said partner dies leaving a widow him surviving.

Paragraph 19 provides that after the death of both Brown and his widow the firm name may be used by the defendant to continue

the business on his own account, but he shall have no power to use said firm name, except in accordance with the terms of the agreement, at any time prior to the death of Brown or his widow, without written agreement to that effect.

These provisions show that it was the intention of these articles that the business should continue during the lifetime of the partners, and if either of them died, of his widow, in order to provide for such widow during her life; and that if the partner Brown died first leaving a widow, upon the death of the widow the defendant was absolutely entitled to the good will and firm name without being liable in any way to the legal representatives of said Brown or of his widow.

The articles further provide for an indefinite continuance of the partnership, unless six month's notice should be given by either of the parties thereto, or the widow of the partner Brown. They provide that, in case of a dissolution of the copartnership by notice from the defendant after the death of Brown and without the consent of his widow, the defendant should not, during the lifetime of the widow, act as an advertising agent, etc., within certain limits.

Under these circumstances, it is difficult to see how the relation of partners existed between the plaintiff and defendant. Whatever her rights may be in respect to this business, it does not seem to be that of partner. Neither has the plaintiff any interest in the firm name or the good will of the business which can extend beyond her life, as the provision of the articles is that after her death the defendant shall own this firm name and be at liberty to continue business without accounting either to Brown's representatives or to his widow's.

We think that if a claim was made against the plaintiff as a copartner in this business, for losses sustained in the business the claimants would find it exceedingly difficult to hold her, individually or representatively, liable therefor.

It having been the manifest intention of the parties that in case of the death of either the survivor should continue the business and have sole charge thereof, there should be exceedingly cogent reasons adduced before the court should deprive the surviving partner of the fruits of that which had been assured to him by the agreement with his copartner. Taking possession of the business in

question would seem to be its absolute destruction, and would work irreparable injury to the defendant, who alone has the right to continue the same.

The facts presented upon the moving affidavits are denied in the main, and the true condition of affairs can only be ascertained by the examination of witnesses, and there is no evidence that irreparable injury will happen to the plaintiff if final relief is postponed until the decision of the questions of fact upon the trial.

In the decision of this appeal we express no opinion as to what the ultimate rights of the plaintiff might be in an action brought in the form of the one at bar, leaving that question to be determined upon the trial of the case.

We think, therefore, that the order appointing the receiver should be reversed, with ten dollars costs and disbursements to the defendant to abide the final event.

PATTERSON, J., concurred.

O'BRIEN, J. (dissenting):

I do not concur in the result reached by the learned presiding justice for reasons which may be briefly stated.

The plaintiff sues in her individual right and as executrix of her husband. Her claim is predicated upon the written agreement which is set forth in the complaint, and which has been analyzed by the presiding justice.

It may be difficult to determine just what the plaintiff's status thereunder was, but it seems to me to be more nearly analogous to that of a partner than any other. The agreement itself provided that the death of one of the two partners should not work a dissolution of the copartnership. Notwithstanding this provision, unless we assume that plaintiff became a copartner, the copartnership would have been dissolved, there remaining but one person who, of himself, could not constitute a copartnership, it requiring for that purpose more than one individual.

After the death of plaintiff's husband she was accorded by the terms of the agreement every right usually accorded to partners, except the active management of the business. Even in regard to what should become of the good will and firm name in the event of a dissolution between the plaintiff and the defendant, which was

contemplated, provision was made for its reverting to the plaintiff, and it was only in the event of the death of plaintiff and her husband that it became the property of the defendant.

It is unnecessary for us to determine what might be the relation of these parties as to creditors. Cases occur where persons, who, as between themselves, are not partners, have been held as to creditors to be partners. The reverse of this proposition seems to me to be one likely to occur, that a partnership relation will exist between persons, one of whom it might be difficult to hold to the liability of a partner so far as the creditors might be concerned. Of this latter kind the present case, I think, furnishes a good illustration. The fact that the plaintiff is to have the right to examine the books, and is given other rights accorded to partners expressly by the terms of the agreement, should not, it seems to me, be urged as a reason or argument for showing that she had not the rights of a partner. I am inclined to the view that the agreement between plaintiff's husband and defendant contemplated, upon the death of the former, a partnership between his widow, who is the plaintiff here, and the defendant, who thus became the surviving partner under an arrangement, the effect of which was to transfer all the assets of the old firm to a copartnership thus to be formed, in which each of the parties had definite and fixed rights, and in which the active management and control was given to defendant.

To sustain, however, the order appealed from it is unnecessary for us to go to the extent of holding that the plaintiff was a copartner ; for, considering her position as executrix, which gave her, as against the surviving partner, a right to an accounting and her own right to share in the profits of the business, accorded under the agreement of partnership between the defendant and plaintiff's husband, and considering the charges made against the defendant of wrong-doing, which were not fully met, it was not error to appoint a receiver.

The relation between the plaintiff and defendant constituted, to say the least, a *quasi* partnership, and the refusal of the defendant, in violation of the agreement, to permit her to inspect the books of the business, and the excuses given for the non-production of the books and vouchers, and the other charges made showing a repudiation on the part of the defendant of all rights of the plaintiff in the business, presenting an honest difference of opinion, not only as to

the administration of the assets which belong equally to both, and of which, so far as the good will and firm name was concerned, belonged entirely to the plaintiff during her life; these justified, in the presence of the quarrel between the parties, the appointment of a disinterested person as a receiver to the end that the property might be preserved during the litigation, and as the result of an accounting distributed as justice might require.

I am, therefore, of the opinion that the order appealed from should be affirmed, with costs and disbursements.

Order reversed, with ten dollars costs and disbursements to the defendant to abide the final event.